IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JUAN MANUEL GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-105 |
| | ) | |
| CO. HALL, Counselor, and WARDEN RICH, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Juan Manuel Garcia, an inmate incarcerated at Wheeler Correctional Facility in Alamo, Georgia, commenced the above-captioned case in the Middle District of Georgia pursuant to 42 U.S.C. § 1983. (Doc. no. 1.) Plaintiff is proceeding *pro se*. The case was transferred to this District on November 15, 2011. (Doc. no. 5.) Because his complaint and motion to proceed *in forma pauperis* were not filed in conformance with the requirements of the Southern District of Georgia, the Court ordered Plaintiff on November 18, 2011 to pay the $350 filing fee or submit an *in forma pauperis* motion on the standard form used in this District, along with an amended complaint on the standard form used in this District, within twenty-one days. (Doc. no. 9.) Plaintiff was cautioned that failure to respond would result in a recommendation to the presiding District Judge that his case be dismissed without prejudice. (Id.) Plaintiff failed to respond.

On December 13, 2011, the Court granted Plaintiff fourteen additional days to

comply with the terms of the Court's November 18th Order. (Doc. no. 10.) Once again, Plaintiff was warned that his failure to comply in a timely fashion with the Court's Order would result in a recommendation that his case be dismissed. The time to respond has passed, and Plaintiff has not submitted the documents required by the Court's November 18, 2011 Order, nor has he provided the Court with any explanation why he has not complied.

As an initial matter, Plaintiff cannot proceed *in forma pauperis* unless he submits a proper motion as stated in the Court's November 18th Order, and then he would have to submit the requisite Trust Fund Account Statement and consent to the collection of the entire $350.00 filing fee in installments. See Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (*per curiam*) (citing 28 U.S.C. § 1915). Plaintiff has not satisfied the initial step of filing a proper motion to proceed *in forma pauperis*. Moreover, for the reasons set out below, Plaintiff's failure to comply with the Court's Orders regarding amending his complaint and submitting a proper motion to proceed *in forma pauperis* warrants dismissal of his case.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co.,

434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the Court's Orders, or even to provide the Court with an explanation for his failure to amend his complaint or submit a motion to proceed *in forma pauperis*, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff requested permission to proceed *in forma pauperis* in this case, albeit improperly, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

Plaintiff has been warned repeatedly that failing to comply with the Court's November 18th Order would result in a recommendation that his case be dimissed. As Plaintiff has not submitted an amended complaint, nor has he submitted a motion to proceed *in forma pauperis* or paid the filing fee, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, without prejudice.

SO REPORTED and RECOMMENDED this 6th day of January, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE